UNITED STATES of America, Appellee,

v.

Carol Ann GREEN, Appellant.

No. 89–5198.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1989.

Decided Nov. 15, 1989.

David Alan Palmer, Sioux Falls, S.D., for appellant.

Philip N. Hogen, Sioux Falls, S.D., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges and ROSS, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Carol Ann Green appeals from the district court's[1] upward adjustment of her sentence after she pleaded guilty to one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). We affirm.

Green became the focus of a drug investigation after a Sioux Falls, South Dakota, citizen informed the local police department that cocaine base was available in the community. On July 30, 1988, an informant made a law enforcement controlled purchase of cocaine base from Green at her apartment. Subsequent chemical analysis confirmed that the substance was cocaine base. On August 17, 1988, a second informant telephoned Green at about 7:30 p.m. and made arrangements to purchase about one-fourth gram of cocaine base for the sum of $45. The informant completed the purchase at Green's apartment later that evening.

Law enforcement officers then obtained a search warrant and searched Green's apartment later that evening. They recovered approximately 69.958 grams of cocaine base packaged in 62 small plastic bags. The vast majority of the cocaine base was found in one room of Green's apartment. Small quantities of cocaine together with small quantities of marijuana were located in other portions of the apartment. In Green's bedroom, a different room from the one in which the majority of the cocaine base was found, officers found an unloaded single-shot .22 caliber handgun lying in plain view inside the headboard of Green's bed. A box of .22 caliber ammuni-

---

1. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

tion was found inside the top drawer of a chest of drawers located on the other side of the same bedroom. Green admitted at the sentencing hearing that the firearm belonged to her. She testified that she acquired the gun when she was seventeen years old and had never used it.

Green was charged with four counts of drug-related offenses. In exchange for dismissal of three counts, Green agreed to plead guilty to the remaining count of the indictment and to cooperate with law enforcement in the prosecution of another defendant on drug-related charges.

Pursuant to a presentence report, the district court established Green's base level offense under the federal Sentencing Guidelines (Guidelines) at 32. Under the authority of Guidelines section 2D1.1(b)(1), which provides for an increase in the base offense level of two points if the defendant possessed a firearm or other dangerous weapon during the commission of the offense, the district court increased Green's base offense level to 34. The district court then reduced the base offense level by two points for Green's acceptance of responsibility. The court sentenced Green to 121 months in prison. Green appeals from the district court's factual finding that she was in possession of a firearm during the commission of the offense, within the meaning of Guidelines section 2D1.1(b)(1), and the resulting two-level upward adjustment of her offense level.

Our review of the district court's factual findings is governed by 18 U.S.C. § 3742(e), which provides that reviewing courts "shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts."

Green contends that the district court's finding that she was in possession of a firearm during the offense is clearly erroneous. She points to note 3 of the Commentary Application Notes to the Guidelines, § 2D1.1, which states:

The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.

Green asserts that this hypothetical is analogous to her case and that it illustrates why the district court should not have increased the base offense level of her sentence. She also contends that her case is distinguishable from those cases in which the courts have applied the sentence enhancement provision of section 2D1.1(b)(1). *See United States v. Franco–Torres*, 869 F.2d 797 (5th Cir.1989) (affirming the applicability of section 2D1.1(b)(1) where the district court gave credibility to the drug agent's testimony that defendant had shot at the agent during a chase, despite defendant's denial that he had a gun and the fact that no gun was ever found); *United States v. Otero*, 868 F.2d 1412 (5th Cir. 1989) (affirming application of section 2D1.-1(b)(1) where defendant had a handgun and five rounds of ammunition in his van while transporting cocaine); *United States v. Weidner*, 703 F.Supp. 1350 (N.D.Ind.1988), *aff'd*, 885 F.2d 873 (7th Cir.1989) (applying section 2D1.1(b)(1) to defendant who had a semi-automatic shotgun with a six-foot electrical cord tied to the trigger outside a pole barn where he produced marijuana and stored marijuana plants, even though the gun trap was not activated when discovered by drug agents).

We have recently decided a number of cases involving challenges to application of section 2D1.1(b)(1). In *United States v. Holland*, 884 F.2d 354 (8th Cir.1989), we determined that either use or possession of a firearm is sufficient to support an upward adjustment of defendant's base offense level, even though the firearm does not have a prominent role in the case. *Id.* at 359 (citing *United States v. Otero*, 868 F.2d 1412, 1414 (5th Cir.1989)).[2] We af-

---

**2.** The Ninth Circuit has recently held that section 2D1.1(b)(1) does not require that the court

find a connection between the firearm and the offense. A finding that the defendant possessed

firmed the application of section 2D1.1(b)(1) in a case where police found a gun near the front entry of a house defendant leased, in which he resided, and in which police found evidence of methamphetamine manufacture, even though the government did not prove that defendant possessed the gun. *United States v. Wagner*, 884 F.2d 1090 (8th Cir.1989). In *United States v. Koonce*, 884 F.2d 349 (8th 1989), law enforcement discovered several firearms when searching defendant's residence, pickup truck, and briefcase. We affirmed the district court's determination that it was not clearly improbable that the guns were connected with the offense. *Id.* at 354. In *United States v. Jones*, 875 F.2d 674 (8th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989), we affirmed the district court's finding that the defendant possessed the firearms "during the commission of a drug offense because they were located in close proximity to the drugs Jones was in the business of distributing." *Id.* at 676 (citations omitted).

Green's circumstances are somewhat similar to those described in the hypothetical of the commentary to the Guidelines. The gun was unloaded and Green kept it at her home. Unlike the rifle in the hypothetical, however, guns like Green's are used only for personal protection. The commentary hypothetical speaks only of arresting a defendant at his apartment, with the implication that the drug offense has taken place elsewhere. Green, in contrast, was undisputedly operating her drug distribution operation from her apartment. The gun was readily accessible to Green, as was her ammunition supply, for use during a drug transaction. In sum, Green's undenied possession of a firearm and ammunition in the same place where she conducted drug transactions and the additional hazard the presence of the firearm created in her drug operation satisfy us that connection of the gun to the offense is not clearly improbable. Therefore, we find that the district court's finding on this issue is not clearly erroneous.

the weapon during the offense is sufficient to trigger the enhancement required by section

We affirm the judgment of the district court.

2D1.1(b)(1). *United States v. Restrepo*, 884 F.2d 1294 (9th Cir.1989).