# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3323

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Julio Cesar Lopez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 28, 2007
Filed: October 4, 2007

_____

Before BENTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Julio Cesar Lopez pleaded guilty to possessing approximately thirty-two grams of cocaine base with the intent to distribute. 21 U.S.C. § 841(a)(1); 841(b)(1)(B). The District Court[1] applied a two-level enhancement to Lopez's sentence after finding that he possessed a firearm in connection with the offense. U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2D1.1(b)(1) (2006). Thus, Lopez was ineligible for safety-valve relief. Id. §§ 2D1.1(b)(9); 5C1.2(a)(2). Lopez appeals, arguing that the court's application of the firearm enhancement was clearly erroneous. We affirm.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Pursuant to a warrant, police officers conducted a search of Lopez's residence and discovered one kilogram of cocaine, three pounds of marijuana, scales, and drug-packaging materials in a basement bedroom. Police also recovered a loaded semiautomatic submachine gun under a mattress in the basement bedroom. In Lopez's upstairs bedroom, police recovered thirty-two grams of cocaine base. In a post-arrest statement to police, Lopez admitted that the thirty-two grams of cocaine base found in the upstairs bedroom and the three pounds of marijuana found in the basement bedroom belonged to him. Lopez also admitted that he knew the loaded submachine gun was in the basement and that he had handled the firearm in the past. Lopez contended, however, that the firearm did not belong to him and that he had asked the gun's owner to remove the gun from his residence.

At sentencing, Lopez objected to the two-level firearm enhancement recommended in the presentence investigation report (PSR), but he did not dispute the underlying facts cited in the PSR to support the enhancement. Lopez argued instead that the undisputed facts failed to establish a sufficient nexus between the firearm and the offense to which he was pleading guilty. The government argued that the presence of the firearm in the basement of Lopez's residence (where Lopez admitted he stored three pounds of marijuana) combined with Lopez's statement to police that he knew the firearm was in the house and that he had handled the weapon in the past provided sufficient evidence to support the enhancement. The District Court rejected Lopez's argument, applied the two-level firearm enhancement, and sentenced Lopez to 60 months' imprisonment.

"We review the district court's findings of fact for clear error and its application of the Sentencing Guidelines de novo." United States v. Burling, 420 F.3d 745, 749 (8th Cir. 2005). The guidelines provide that the firearm enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. n.3. Lopez correctly notes that the "mere presence of a firearm is an insufficient predicate for a § 2D1.1(b)(1)

enhancement." United States v. Savage, 414 F.3d 964, 966 (8th Cir. 2005). Rather, the firearm must be possessed by the defendant and "connected with the criminal activity before its possession can be used to enhance the defendant's sentence." Id. The firearm may be constructively possessed by the defendant, see United States v. Torres, 409 F.3d 1000, 1003 (8th Cir. 2005), especially if the firearm is "readily accessible" at the place where the defendant commits the crime, Savage, 414 F.3d at 967. And the firearm need not be present during the offense of conviction as long as it is present during relevant conduct. Id. at 966. The government must only establish by a preponderance of the evidence that a "temporal and spatial nexus [exists] among the weapon, defendant, and drug-trafficking activity." Torres, 409 F.3d at 1003.

Here, the undisputed facts establish that Lopez lived at the residence in which the illegal drugs and the firearm were located; Lopez possessed the roughly thirty-two grams of cocaine base found in his upstairs bedroom and the three pounds of marijuana found in the basement bedroom; Lopez knew that a loaded semiautomatic submachine gun was present in the residence and admitted that he had handled the firearm in the past; and the firearm was recovered from the basement bedroom in close proximity to Lopez's marijuana. In these circumstances, we hold that the District Court did not clearly err in finding that it was not clearly improbable that the firearm was connected with Lopez's drug trafficking activities. Because Lopez was properly assessed the firearm enhancement, he was not eligible for safety-valve relief. U.S.S.G. § 5C1.2(a)(2).

We affirm the judgment of the District Court.

_____

-3-