# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1568

_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   Western District of Missouri.
Anthony J. Thompson, also known as *
Tony Thompson, also known as Tony  *
Terry, also known as Tommie Burton,*
                                   *
          Appellant.               *

_____

Submitted: October 14, 2008
Filed: April 6, 2009

_____

Before COLLOTON, BOWMAN, and BENTON, Circuit Judges.

_____

BOWMAN, Circuit Judge.

A jury convicted Anthony J. Thompson of possessing firearms and ammunition as a convicted felon, 18 U.S.C. § 922(g)(1) (Count One); distributing cocaine base, 21 U.S.C. § 841(a)(1) (Count Two); and using a firearm during and in relation to a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three). The District

Court[1] sentenced Thompson to a 346-month term of imprisonment. Thompson appeals and we affirm.

In Count One of the indictment, the government charged Thompson with possessing a firearm *and* ammunition as a convicted felon. In its instructions to the jury on Count One, however, the District Court quoted directly from § 922(g)(1), reciting the statute's disjunctive language prohibiting the possession of any "firearm or ammunition" by a convicted felon. Thompson argues for the first time on appeal that the District Court constructively amended the indictment by instructing the jury in the disjunctive—firearm *or* ammunition—when Count One of the indictment charged in the conjunctive—firearm *and* ammunition. According to Thompson, the court's constructive amendment "lower[ed] the level of proof" required of the government to establish his guilt. Br. of Appellant at 14. Because Thompson did not raise this objection at trial, we review only for plain error. United States v. Hatcher, 323 F.3d 666, 671 (8th Cir. 2003).

"[A]n indictment may be phrased in the conjunctive, when the statute and jury instructions are phrased in the disjunctive, without creating a constructive amendment of the indictment . . . ." United States v. Brown, 330 F.3d 1073, 1078 (8th Cir.), cert. denied, 540 U.S. 975 (2003); see also United States v. Urkevich, 408 F.3d 1031, 1036 (8th Cir. 2005) (reiterating that when a statute is phrased in the disjunctive, federal pleading rules require that an indictment charge in the conjunctive in order to fully inform the defendant of the charges against him); United States v. Barrios-Perez, 317 F.3d 777, 779–80 (8th Cir. 2003) (holding that an indictment is not constructively amended when it is phrased in the conjunctive and the jury instructions are phrased in the disjunctive). Here, the District Court properly instructed the jury using § 922(g)(1)'s disjunctive language because proof that Thompson possessed any one

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

of the prohibited firearms or rounds of ammunition charged conjunctively in the indictment would support his conviction for violating § 922(g)(1). See Urkevich, 408 F.3d at 1036; United States v. Vickerage, 921 F.2d 143, 147 (8th Cir. 1990). In other words, the government in this case was required to prove only that Thompson possessed a firearm *or* ammunition to establish a violation of 18 U.S.C. § 922(g)(1), not that he possessed both. The District Court's jury instructions did not constructively amend the indictment.

Thompson next argues that the evidence was insufficient to support his conviction on Count Three of the indictment, namely that he "used, carried, and brandished a firearm" during a drug transaction in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Indictment at 3. He also argues for the first time on appeal that because the government failed to establish that he "used" a firearm as that term was defined by the Supreme Court in Bailey v. United States, 516 U.S. 137, 148 (1995), the District Court erred in submitting Count Three to the jury.

"In reviewing for sufficiency of the evidence, 'we view the evidence in the light most favorable to the verdict, and we will overturn a conviction only if no reasonable jury could have concluded that the defendant was guilty beyond a reasonable doubt on each essential element of the charge.'" United States v. Kenyon, 481 F.3d 1054, 1067 (8th Cir. 2007) (quoting United States v. Kenyon, 397 F.3d 1071, 1076 (8th Cir. 2005)). The jury is responsible for assessing the credibility of witnesses and resolving conflicts in testimony, and its conclusions on these issues are "virtually unreviewable on appeal." United States v. Morris, 327 F.3d 760, 761 (8th Cir.), cert. denied, 540 U.S. 908, 920 (2003).

At trial, Eugene Wilson, an informant working with the Kansas City, Missouri, Police Department, testified that he was fitted with a microphone and driven by Detective Charles Bax to a location near Thompson's residence to attempt a controlled purchase of crack cocaine from Thompson. Wilson walked up Thompson's driveway

and found Thompson working under the raised hood of a vehicle. When Wilson approached Thompson to inquire about purchasing twenty dollars' worth of crack cocaine, Wilson observed a large chrome revolver lying on the engine block of the vehicle and remarked, "Nice toy." Trial Tr. at 143. Bax, who was listening to the exchange over the hidden microphone, testified that he heard Wilson say, "Wow, that's a big gun you got there." Id. at 108. According to both Wilson and Bax, Thompson agreed to meet Wilson on a nearby street corner to complete the drug transaction. Wilson testified that when the actual exchange of drugs for money occurred, Thompson's unzipped jacket opened and Wilson observed the same chrome revolver protruding from the waistband of Thompson's pants. Defense counsel cross-examined Wilson extensively regarding Wilson's lengthy criminal record and cross-examined both Wilson and Bax regarding the discrepancies in their descriptions of Wilson's comment upon first observing the revolver. The District Court instructed the jury that Thompson could be found guilty of "using or carrying a firearm" in furtherance of a drug transaction as charged in Count Three of the indictment if Thompson "actively employed" the firearm or "brandished or displayed" the firearm in furtherance of the drug transaction. Jury Instr. No. 9.

We first conclude that the evidence was sufficient to support Thompson's conviction on Count Three. Wilson's testimony established that Thompson actively employed the firearm when he displayed the revolver on the engine block of his car while arranging the drug transaction, moved the revolver from the engine block to the waistband of his pants in preparation for his meeting with Wilson to complete the drug transaction, and carried the revolver in his waistband—where it was clearly visible to Wilson—while delivering the crack cocaine. The question of Wilson's credibility was for the jury to determine, and we will not disturb its decision to credit Wilson's testimony.

Because the evidence was sufficient to support Thompson's conviction on Count Three, we also conclude that the District Court did not err—plainly or

-4-

otherwise—in submitting this count to the jury. The court's instructions to the jury on Count Three incorporated the language used by the Supreme Court in Bailey. 516 U.S. at 148 (explaining that "'use' . . . includes brandishing, displaying, bartering, striking with and . . . firing or attempting to fire a firearm"). The District Court explicitly instructed the jury that a conviction on Count Three required a finding that Thompson used the firearm by "actively employ[ing]," "brandish[ing]," or "display[ing]" the firearm in furtherance of the drug transaction. Jury Instr. No. 9. In sum, we conclude that the evidence was sufficient to establish that Thompson used a firearm in furtherance of a drug transaction and that the District Court did not plainly err in submitting Count Three to the jury.

Finally, Thompson argues that the District Court erred in overruling his objection to comments made by the prosecutor in rebuttal closing argument. Specifically, Thompson contends that the prosecutor's remarks shifted the burden of proof and constituted an impermissible comment on Thompson's decision not to testify at trial. Improper comments made by a prosecutor during closing argument may be grounds for reversing a conviction but only if those comments "prejudicially affected the defendant's substantial rights so as to deprive [him] of a fair trial." United States v. Boone, 437 F.3d 829, 841 (8th Cir.), cert. denied, 549 U.S. 870 (2006). Because a district court has broad authority to control closing arguments, we review for an abuse of discretion. United States v. Beckman, 222 F.3d 512, 526 (8th Cir. 2000).

After Thompson sold crack cocaine to Wilson, police obtained a warrant to search Thompson's residence, ultimately recovering three firearms and numerous rounds of ammunition in the search. In testimony at trial, Lovie Watson, who was engaged to and lived with Thompson, acknowledged ownership of a firearm recovered from Thompson's basement, but she denied knowledge of the other two firearms recovered by police—including a revolver that was discovered in Watson and Thompson's bedroom and was later identified by Wilson as the revolver Thompson

-5-

used during the controlled drug transaction. Watson was the only individual to testify in Thompson's defense. Although Watson also testified that Thompson's adult children and nephews were occasionally allowed to stay at the home for brief periods, there was no evidence presented that anyone other than Thompson had placed firearms or ammunition in his and Watson's bedroom. Nevertheless, defense counsel suggested in closing argument that the firearms and ammunition recovered from Thompson's bedroom may have been placed there by one of Thompson's children or nephews:

> [T]he testimony today of Ms. Watson I think is significant. Because from that testimony you can conclude that Mr. Thompson's many children, his nephews, came and went from that house. You can conclude that perhaps one of them was the one that left these firearms behind somewhere. . . . [T]here is no proof that Mr. Thompson knew that that gun was between the mattress and box spring [in the bedroom he shared with Watson].

Trial Tr. at 269–70. In rebuttal, the prosecutor stated, "[W]ith respect to what's been suggested as the probability or the likelihood that somebody else put [the firearms and ammunition in Thompson and Watson's bedroom], there is no evidence of that." Id. at 274. The District Court overruled Thompson's objection to the prosecutor's comments. Thompson argues that the prosecutor's remarks focused the jury's attention on his decision not to testify because only he could have identified the "somebody else" who placed firearms and ammunition in his bedroom.

In general, a prosecutor is permitted to comment on a defendant's failure to explain or counter the evidence unless the jurors would "naturally and necessarily" take the prosecutor's comment as a remark on the defendant's decision not to testify. United States v. Gardner, 396 F.3d 987, 991 (8th Cir.), cert. denied, 546 U.S. 866 (2005). The prosecutor's comments in this case are not improper. We cannot discern how the jury could have "naturally and necessarily" taken the prosecutor's remarks as

a comment on Thompson's failure to testify. This was not a case in which Thompson alone possessed the information necessary to refute the prosecutor's remarks in rebuttal closing argument. If someone other than Thompson or Watson had placed firearms and ammunition in their bedroom—as was suggested by defense counsel in closing argument—Thompson could have called such individual to testify to that fact. See Gardner, 396 F.3d at 992 (noting that a prosecutor's remark that the government's evidence was unrefuted was not an improper comment on the defendant's failure to testify "when the comment was a logical rebuttal to the defendant's closing argument"). As it was, Thompson's theory of defense was unsupported. Accordingly, the prosecutor's remarks did not shift the burden of proof or constitute an improper comment on Thompson's failure to testify. The District Court did not abuse its discretion in allowing the prosecutor's remarks in rebuttal closing argument.

On November 25, 2008, after briefing and oral argument in this case, Thompson's attorney filed a letter with the court pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure attempting to raise for the first time a sentencing argument based on the Supreme Court's April 16, 2008, decision in Begay v. United States, 128 S. Ct. 1581 (2008) (holding that a New Mexico conviction for driving under the influence of alcohol is not a violent felony for purposes of 18 U.S.C. § 924(e)), and this Court's August 11, 2008, decision in United States v. Williams, 537 F.3d 969 (8th Cir. 2008) (relying on Begay to hold that Missouri crimes of auto theft by deception, auto theft without consent, and auto tampering are not crimes of violence for purposes of U.S.S.G. § 2K2.1(a)(2)). Because an appellant is not permitted to raise arguments for the first time in a Rule 28(j) letter, we decline to consider Thompson's argument. See United States v. Mathison, 518 F.3d 935, 942 (8th Cir.), cert. denied, 128 S. Ct. 2895 (2008); United States v. Kicklighter, 413 F.3d 915, 918 (8th Cir. 2005).

For the foregoing reasons, we affirm Thompson's conviction and sentence.

_____