# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1380

_____

United States of America,

        Appellee,

v.

Antonio Espinoza Bravo,

        Appellant.

\* Appeal from the United States
\* District Court for the
\* Southern District of Iowa.

\* [PUBLISHED]

_____

Submitted: October 18, 2010
Filed: October 25, 2010

_____

Before RILEY, Chief Judge, BYE and MELLOY, Circuit Judges.

_____

PER CURIAM.

Antonio Espinoza Bravo ("Espinoza") pleaded guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The district court[1] sentenced Espinoza to 262 months' imprisonment. Espinoza appeals, arguing the district court committed procedural error when it concluded it was bound by the United States Sentencing Guidelines unless it could find specific reasons to conclude the Guidelines range was unreasonable. We affirm.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

The sentencing in this matter took place on March 12, 2007,[2] prior to the Supreme Court's decisions in <u>Rita v. United States</u>, 551 U.S. 338 (2007) and <u>Gall v. United States</u>, 552 U.S. 38 (2007). While Espinoza was placed in criminal history category I, he had a prior felony drug conviction which subjected him to the enhanced mandatory minimum sentence of 240 months pursuant to 21 U.S.C. § 841(b)(1)(A). The district court calculated a total offense level of 39, resulting in a Guidelines range of 262 to 327 months.

Espinoza argued at sentencing that a downward departure from the Guidelines range was warranted due to his cooperation with the government. The government noted Espinoza was referring to a variance instead of a departure. In any event, the government acknowledged Espinoza had provided truthful information in his testimony before the grand jury about two individuals, but it stated the chances of securing indictments against the individuals were slim. The district court determined there were no grounds for a departure in the absence of a motion for substantial assistance from the government, but it noted it would consider a variance.

Prior to pronouncing its sentence, the court began by discussing the § 3553(a) factors, including the nature and circumstances of the offense and the history and characteristics of the defendant, adequate deterrence to criminal conduct, and protecting the public from future crimes of the defendant. The court then stated the following as it pertains to the Guidelines:

> The court does give serious consideration to the guideline range without regard to whether or not it is presumed to be reasonable. This court has always given significant impact to the guideline range because it does

---

[2]Espinoza did not appeal the district court's sentence within ten days. However, the court later granted his motion pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel for his counsel's failure to timely file an appeal. An amended judgment was filed on February 5, 2010, to which Espinoza timely appealed.

provide a substantial basis of extensive study and refinement. It exhibits the will of Congress. It promotes consistency in sentencing. The court needs to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct. In the process of doing that, the court recognizes that a guideline sentence is generally appropriate unless the court can articulate specific reasons why it would not be in this particular case. While lack of substantial criminal history and efforts in this particular case to cooperate, although not yet leading to a determination that any assistance provided is substantial, certainly are factors that the court can consider, they do not, however, overwhelm the other bases for a guideline application.

Accordingly, the court concludes that the guideline sentencing system adequately addresses the circumstances of this defendant and that the guideline range is a reasonable range. Based upon all of the circumstances of this case, the court concludes that a sentence at the bottom of the range is fully sufficient to address any essential sentencing considerations.

(Sent. Tr. 9-10). Accordingly, the district court sentenced Espinoza to 262 months, the bottom end of the Guidelines range.

Based on the district court's foregoing comments, Espinoza argues the court applied a presumption of reasonableness to the Guidelines, contrary to the direction in Rita. Espinoza also contends the district court believed it could only vary from the Guidelines range under extraordinary circumstances, violating the principles enunciated in Gall.

Espinoza failed to lodge any objections in the district court, and therefore we review his allegations of procedural error for plain error.[3] United States v. Deegan,

---

[3]Espinoza argues plain error review is not proper pursuant to Rule 51 of the Federal Rules of Criminal Procedure because he informed the district court of the ruling he was seeking at sentencing. This court has rejected this argument as it

605 F.3d 625, 629 (8th Cir. 2010). Under plain error review, Espinoza must show there was a plain error that affected his substantial rights. United States v. West, 612 F.3d 993, 996 (8th Cir. 2010). "[W]e reverse for plain error only where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation omitted).

In reviewing the district court's sentence, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. The Supreme Court has held the Guidelines are not mandatory and are not to be presumed reasonable by district courts. Nelson v. United States, 129 S. Ct. 890, 892 (2009) (per curiam). In Nelson, the Supreme Court concluded the district court plainly erred when it explained "the Guidelines are considered presumptively reasonable, so that unless there's a good reason in the [statutory sentencing] factors . . . , the Guideline sentence is the reasonable sentence." Id. at 891 (internal quotation marks and citation omitted) (alteration in original).

In this case, we first note the district court did not state it presumed the Guidelines to be reasonable; rather, the court indicated it gave "serious consideration" to the Guidelines range "without regard to whether or not it is presumed to be reasonable." See United States v. Buesing, 615 F.3d 971, 975 (8th Cir. 2010) (rejecting the defendant's argument that the court presumed the Guidelines were reasonable, in part, because "[t]he district court never said it presumed the Guidelines to be reasonable"). The court did, however, conclude the Guidelines range was reasonable in fashioning its sentence of Espinoza. The district court's responsibility

pertains to Rita and Gall error. United States v. Bain, 586 F.3d 634, 640 n.5 (8th Cir. 2009). We are bound by our prior decisions, and therefore we reject Espinoza's argument. United States v. Waddle, 612 F.3d 1027, 1029 (8th Cir. 2010).

is not to impose a "reasonable" sentence, but a sentence that is sufficient, but not greater than necessary, to comply with the sentencing goals set forth in the § 3553(a) factors. United States v. Greene, 513 F.3d 904, 907 (8th Cir. 2008). Nonetheless, when district courts have considered the appropriate sentencing factors, we have determined the court's mere conclusion that an ultimate sentence is reasonable is not equivalent to presuming the Guidelines are reasonable. Deegan, 605 F.3d at 631 n.2. See also United States v. Schiradelly, _ F.3d _, 2010 WL 3119898, at *4 n.5 (8th Cir. Aug. 10, 2010) (per curiam) ("The district court acknowledged it was free to vary from the guidelines range, and the mere conclusion that an ultimate sentence is reasonable is not equivalent to presuming the guidelines range to be reasonable.").

The record as a whole indicates the court was aware of its discretion to vary from the Guidelines range and it did not commit error under Rita. See Deegan, 605 F.3d at 631 (rejecting defendant's claim that the court applied the Guidelines as mandatory when it stated it was "required to impose those guidelines" because the court explained elsewhere in the record it was aware of its discretion to vary from the Guidelines). Moreover, we reject Espinoza's claim that the court required extraordinary circumstances to vary from the Guidelines range in violation of Gall. See United States v. Statman, 604 F.3d 529, 534 (8th Cir. 2010) (concluding the district court did not err when it stated it would sentence within the Guidelines range "unless there is a reasonable ground not to," because the court considered the relevant factors and provided a reasoned basis for its sentence); United States v. Clay, 579 F.3d 919, 934 (8th Cir. 2009) ("In granting a variance, the district court only has to take into account the § 3553(a) factors and recognize that the Guidelines are not mandatory."). The court properly calculated Espinoza's Guidelines range, considered the § 3553(a) factors, and concluded a sentence at the low end of the Guidelines was appropriate under the facts. See United States v. Hernandez, 518 F.3d 613, 617 (8th Cir. 2008) (holding the district court did not err when it stated it gave "substantial weight" to the Guidelines because it considered the proper factors and concluded under the facts of the case that the sentence imposed–which was at the low end of the

Guidelines range–was reasonable in light of § 3553(a)). To this end, the court explicitly noted it could consider Espinoza's lack of criminal history and efforts to cooperate in determining his sentence, but it concluded a sentence at the low end of the Guidelines range was appropriate under the circumstances of this particular defendant.

Finally, under plain error review, even if we assume the district court erroneously presumed the Guidelines to be reasonable and such error was plain, Espinoza must show there is a reasonable probability that he would have received a more favorable sentence without the presumption. United States v. Gaddy, 532 F.3d 783, 790-91 (8th Cir. 2008). Espinoza cannot meet his burden in this case in light of the court's consideration of the § 3553(a) factors and its conclusion that the low end of the Guidelines was appropriate under the facts of this case. See id. at 791 (concluding the defendant could not meet his burden of showing he would have received a lesser sentence in light of the court's analysis of the § 3553(a) factors and its conclusion that the Guidelines range was appropriate); Bain, 586 F.3d at 640 ("[The defendant] was sentenced to the low end of the guidelines range. This alone is insufficient to establish a reasonable probability that he would have received a lower sentence.").

Accordingly, we affirm Espinoza's sentence.

_____