# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-3008

_____

United States of America

*Plaintiff - Appellee*

v.

Matthew J. Siefkas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 9, 2014
Filed: June 25, 2014
[Unpublished]

_____

Before BYE, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Matthew Siefkas appeals his sentence of 110 months following his guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Siefkas, a felon, admitted to possessing and discharging a firearm while

intoxicated.[1]  He challenges a four-level enhancement the district court[2] applied under United States Sentencing Guidelines Manual (U.S.S.G.) § 2K2.1(b)(6)(B) on the grounds Siefkas possessed the firearm while committing "another felony offense," namely, a violation of Mo. Rev. Stat. § 571.030.1(5), which prohibits "knowingly . . . ha[ving] a firearm . . . readily capable of lethal use on his . . . person, while he . . . is intoxicated."

We review for plain error only because this issue was not preserved for appeal in the district court.  United States v. Espinoza Bravo, 624 F.3d 921, 924 (8th Cir. 2010).  The district court did not plainly err.  Siefkas's challenge – brought on the grounds the four-level enhancement impermissibly double counted his offense conduct of possessing the firearm – is foreclosed by circuit precedent.  See United States v. Jackson, 633 F.3d 703, 706 (8th Cir. 2011) (rejecting a double-counting challenge to a district court's application of U.S.S.G. § 2K2.1(b)(6)(B) where a state offense required proof of a separate element not necessary to prove the underlying felon-in-possession offense); see also United States v. Long, __ F. App'x __, 2014 WL 1661292 at *2 (8th Cir. Apr. 28, 2014) (applying Jackson to a violation of Mo. Rev. Stat. § 571.030.1(5) to reject a double-counting challenge to a four-level enhancement under § 2K2.1(b)(6)(B)).

We affirm.

_____

[1]The presentence report (PSR) stated Siefkas, at the time he possessed and discharged a firearm, "appeared to be highly intoxicated as he was almost falling over as he was walking."  PSR at ¶ 6.  Siefkas did not object to this statement in the PSR.

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.