# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-1368

_____

United States of America

*Plaintiff - Appellee*

v.

Tekhola Temar Lee Trapps

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: February 10, 2020
Filed: July 2, 2020
[Unpublished]

_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Tekhola Temar Lee Trapps pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(C), and 18

U.S.C. § 2. The district court[1] applied a two-level firearm enhancement under United States Sentencing Guidelines § 2D1.1(b)(1) and sentenced Trapps to 48 months of imprisonment. Trapps appeals the application of the enhancement. Finding no basis for reversal, we affirm.

## I.

In March 2017, law enforcement began investigating the drug trafficking activities of Trapps' long-term boyfriend, Jimmie Lee McGowan Jr. Trapps and McGowan lived together and, through a wiretap on McGowan's phone, officers learned that Trapps was involved in his drug trafficking operation. In one intercepted call, law enforcement overheard McGowan talking to Trapps about selling some of the firearms that were in their home. In the conversation, Trapps confirmed that the firearms were there and that she had counted six of them. The investigation also showed that McGowan prepared and sold drugs from the house, and that he sold drugs from motor vehicles and at predetermined locations within a block or two of the house.

On December 13, 2017, law enforcement arrested McGowan and Trapps and searched their home. Officers found an unspecified quantity of suspected cocaine base, counterfeit bills, and $2,231 in cash. They also found four firearms: one in a woman's purse in a bedroom, a second in a kitchen cupboard drawer, and two more in the garage.

In May 2018, Trapps pleaded guilty to possession with intent to distribute cocaine base. In her plea agreement, Trapps admitted that she had assisted McGowan by weighing crack and powder cocaine, counting money from drug sales, and making

---

[1] The Honorable Susan R. Nelson, United States District Judge for the District of Minnesota.

drug deliveries.  The parties stipulated to a base offense level of 24 for the quantity of drugs involved, but Trapps reserved her right to contest a firearm enhancement pursuant to USSG § 2D1.1(b)(1).

Prior to sentencing, Trapps underwent a psychological evaluation.  According to the psychologist's report, Trapps detailed "episodic verbal, emotional and physical abuse at the hands of Mr. McGowan because of his chronic psychological problems." The report concluded that from Trapps' point of view, "it was simply easier to comply with what Mr. McGowan wanted her to do, than to arouse his suspicion and anger." The report also noted that Trapps had a long history of "living in a relationship that was periodically punctuated with emotional, verbal and occasional physical abuse" and that she suffered from persistent depressive disorder, schizotypal personality disorder, and post-traumatic stress disorder.

At sentencing, Trapps objected to the firearm enhancement.  Trapps did not dispute she knew the firearms were in the house, but instead argued that they were not sufficiently connected to her offense of conviction.  The district court overruled Trapps' objection.  The court noted that Trapps had acknowledged in a telephone call with McGowan that several firearms were in the home, and that law enforcement found crack cocaine and four firearms at the residence, including one inside a woman's purse.  Based on these facts, the district court determined that "under a preponderance of the evidence standard," it is "not clearly improbable" that a gun was connected to Trapps' offense.

## II.

On appeal, Trapps argues the firearms enhancement should not apply for two reasons.  First, she renews her argument that the relationship between the firearms at her house and her offense was insufficient.  Second, she contends she neither possessed nor constructively possessed the firearms because she lacked the intent or

ability to exercise control over them due to McGowan's abuse and her mental health history. She raises this second argument for the first time on appeal.

We generally review the district court's findings of fact for clear error and its application of the Sentencing Guidelines de novo. United States v. Campbell, 410 F.3d 456, 466 (8th Cir. 2005). However, we review errors not preserved below only for plain error. Fed. R. Crim. P. 52(b); United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005). As such, to obtain relief on the ground that she lacked the intent or ability to exercise control over the firearms, Trapps must show (1) an error, (2) that is plain, and (3) that affects substantial rights. Johnson v. United States, 520 U.S. 461, 467 (1997). Even if she meets all three conditions, we will exercise our discretion to grant relief only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (cleaned up).

A two-level enhancement applies if the government proves by a preponderance of the evidence that "a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). Proof of ownership, use, or actual possession is not necessary, and constructive possession is sufficient. United States v. Atkins, 250 F.3d 1203, 1213 (8th Cir. 2001). The government need only establish that "a temporal and spa[t]ial relation existed between the weapon, the [offense], and the defendant." Id. at 1214. However, the enhancement does not apply if "it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, cmt. (n.11(A)). And the mere presence of firearms is not, by itself, a sufficient basis to impose the enhancement. United States v. Savage, 414 F.3d 964, 966 (8th Cir. 2005).

First, the district court did not err by finding it was not clearly improbable that the firearms were connected with Trapps' offense. Trapps concedes there was a temporal relationship between the firearms and her drug offense, but contends the spatial relationship is missing. However, evidence showed McGowan prepared and sold drugs from the home he shared with Trapps and several firearms were found

inside the home, along with crack cocaine and other evidence of drug trafficking. <u>See</u> <u>United States v. Green</u>, 889 F.2d 187, 189 (8th Cir. 1989) (affirming the application of a firearm enhancement for a gun found in defendant's apartment in which she sold drugs). Trapps also admitted to helping McGowan sell drugs. Further, finding a gun inside a woman's purse strengthens the spatial connection between the firearms and Trapps' offense. Given the temporal and spatial relationship of the firearms to the offense, and the absence of any evidence indicating the firearms were present for another reason, it was not "clearly improbable" that the firearms were connected with the offense. <u>See</u> USSG § 2D1.1, cmt. (n.11(A)).

Second, the district court did not plainly err when it found that Trapps possessed a firearm. Although Trapps' psychological report indicated she suffered from mental health problems and from McGowan's abuse, it did not conclude that she was unable to control or restrict McGowan from storing firearms in their home, or that her mental health prevented her from having the intent or ability to control the firearms. Under the circumstances presented here, we discern no error that is plain.

The judgment of the district court is affirmed.

_____