**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PEDRO PEREZ-HERNANDEZ,

    Defendant - Appellant.

_____

No. 19-2204
(D.C. No. 2:18-CR-03752-KG-1)
(D.N.M.)

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PEDRO PEREZ-HERNANDEZ,

    Defendant - Appellant.

No. 19-2205
(D.C. No. 2:18-CR-04018-KG-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

_____

[*] After examining the brief, pro se filings, and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these consolidated appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Pedro Perez-Hernandez appeals his illegal-reentry conviction and two related sentences. Defense counsel filed an *Anders* brief and moved to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that if after "conscientious examination" of record counsel finds appeal "wholly frivolous," then counsel may move to withdraw and contemporaneously file "brief referring to anything in the record that might arguably support the appeal"). Perez-Hernandez filed three pro se responses to the *Anders* brief,[1] and the government declined to file a brief. We have reviewed the *Anders* brief and Perez-Hernandez's pro se responses and have conducted a full examination of the record to determine whether the consolidated appeals are wholly frivolous. *See United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Because we conclude that they are, we dismiss the appeals and grant counsel's motion to withdraw. *See Anders*, 386 U.S. at 744.

The government charged Perez-Hernandez with illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b). During his bench trial, Perez-Hernandez asserted that he could not be convicted of illegal reentry because he has derivative citizenship through his allegedly adoptive stepfather. The district court rejected this derivative-citizenship defense, finding that Perez-Hernandez failed to present sufficient evidence to substantiate his adoption claim. The district court then found Perez-Hernandez guilty of illegal reentry. And after considering, among other things,

---

[1] For clarity, we refer to Perez-Hernandez's first pro se response, filed June 17, 2020, as "Aplt. Resp."; his second pro se response, filed August 3, 2020, as "Aplt. Supp. Resp."; and his third pro se response, filed August 27, 2020, as "Aplt. Second Supp. Resp."

Perez-Hernandez's significant criminal history, the district court sentenced him to 63 months in prison. Additionally, because Perez-Hernandez's illegal reentry violated the conditions of his supervised release from his prior illegal-reentry conviction, the district court also imposed a consecutive eight-month sentence for that violation.

Counsel identifies two possible arguments for Perez-Hernandez's appeal: the first concerns Perez-Hernandez's assertion that the district court erred in denying his derivative-citizenship defense, and the second is Perez-Hernandez's claim that he received ineffective assistance of counsel (IAC). Perez-Hernandez agrees that these claims support his appeal, and he separately asserts additional arguments.

Regarding the derivative-citizenship defense, we review a district court's factual findings for clear error and its legal determinations de novo. *See United States v. Patton*, 927 F.3d 1087, 1093 (10th Cir. 2019). Perez-Hernandez contends that he presented sufficient evidence to establish his alleged adoption and the district court therefore erred in rejecting his derivative-citizenship defense.

Adoption involves a formal judicial act and thus can generally be established through official court documents, including a judgment of adoption. *See Ojo v. Lynch*, 813 F.3d 533, 535, 539 (4th Cir. 2016). But Perez-Hernandez presents no official court documents, nor does he offer any explanation for his failure to do so. Instead, Perez-Hernandez relies on an August 11, 2014 email from Immigration and Customs Enforcement (ICE) stating that Perez-Hernandez would "NOT be taken into ICE custody as he was determined to have derived [U.S.] citizenship status through

3

his adopted father," Case No. 19-2204, R. vol. 1, 43; an I-130 form[2] showing that his stepfather claimed to be his adopted father; and a Social Security letter showing that his mother at one time received Social Security benefits on his behalf. Perez-Hernandez also selectively quotes from a prior hearing transcript to suggest that the government once admitted that he was adopted: "[W]e do have these records and they do show that those things that he's asking us to take a look at, that he was actually adopted and granted some sort of status for that adoption." Aplt. Supp. Resp. 6.

Even assuming that adoption can be established without the judgment of adoption or other official documents, the evidence Perez-Hernandez relies on here falls short. As the district court explained, Perez-Hernandez fails to demonstrate how an informal ICE email, an adoption claim on an I-130 form, or his mother's receipt of Social Security benefits on his behalf prove that he was legally adopted by his stepfather. And as for the government's supposed admission that Perez-Hernandez was adopted, in full, the government actually stated:

> [W]e do have these records and they do show that those things that he [is] asking us to take a look at, *it must have been a mistake* or something other than that, *because he has no other proof, other than what we have, that he was actually adopted and granted some sort of status for that adoption*. We [have] taken a look at extensive evidence. We [have] contacted his mother and she [is] not able to provide us with anything that would show that he was actually adopted.

---

[2] An I-130 form is a form for U.S. citizens or lawful permanent residents to petition the government to provide a permanent-resident card to the citizen or permanent resident's relative. *See I-130, Petition for Alien Relative*, U.S. Citizenship and Immigration Services, https://www.uscis.gov/i-130 (last updated Dec. 14, 2020).

Aplt. Supp. Resp. Ex. C (emphasis added). Thus, this transcript does not support Perez-Hernandez's adoption claim.

Perez-Hernandez contends that he is unable to present any additional evidence because of an alleged loss of his property and the difficulties posed by the passage of time. But Perez-Hernandez fails to identify any evidence that he could have presented were it not for these circumstances to establish that he was legally adopted. Because Perez-Hernandez has not submitted competent evidence establishing his adoption by his stepfather, the district court did not err in concluding that Perez-Hernandez has not met the requirements for derivative citizenship. *See Patton*, 927 F.3d at 1093.

Turning to the IAC claims, Perez-Hernandez alleges that his trial counsel failed to investigate certain issues, to present evidence, and to call an expert in immigration law. He further contends that his trial counsel was ineffective for failing to file a motion for a new trial such that Perez-Hernandez filed his own pro se new-trial motion. Yet, except in rare circumstances, we consider IAC claims on collateral review only. *See United States v. Hahn*, 359 F.3d 1315, 1327 n.13 (10th Cir. 2004). IAC claims pursued on direct appeal "are presumptively dismissible, and virtually all will be dismissed." *United States v. Flood*, 635 F.3d 1255, 1260 (10th Cir. 2011) (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc)).

Here, Perez-Hernandez has not offered any "argument supporting a reason to depart from our general practice." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). Even if he had, the record is not sufficiently developed for us to resolve Perez-Hernandez's IAC claims. Moreover, the district court acknowledged the claims

5

but did not directly rule on them. "[T]his court has considered ineffective assistance of counsel claims on direct appeal in limited circumstances, but only where the issue was raised before and ruled upon by the district court *and* a sufficient factual record exists." *Flood*, 635 F.3d at 1260; *see also Galloway*, 56 F.3d at 1241 (noting that "we will not remand" to develop record or obtain district-court ruling on IAC claims brought "during the direct appeal of a case"). Accordingly, we decline to consider Perez-Hernandez's IAC claims.

We now turn to the additional arguments raised in Perez-Hernandez's pro se responses. He first contends that the district court erred by refusing to admit certain exhibits that would allegedly support a finding of derivative citizenship. We review evidentiary challenges for an abuse of discretion. *See United States v. Tony*, 948 F.3d 1259, 1261 (10th Cir. 2020). "A district court abuses its discretion when it renders an arbitrary, capricious, whimsical, or manifestly unreasonable judgment," and we will reverse such a judgment only "if the court exceeded the bounds of permissible choice." *United States v. Silva*, 889 F.3d 704, 709 (10th Cir. 2018) (first quoting *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 968 (10th Cir. 2001); and then quoting *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007)), *cert. denied*, 139 S. Ct. 1319 (2019).

The district court considered both parties' extensive arguments regarding Perez-Hernandez's exhibits and made measured rulings as to the admissibility of each exhibit. In particular, the district court found that the exhibits were hearsay and were not sufficiently reliable or supported by guarantees of trustworthiness. The

6

district court further found that the exhibits were not admissible as an opposing party's statement, *see* Fed. R. Evid. 801(d)(2); as a business record, *see* Fed. R. Evid. 803(6); or under the residual exception, *see* Fed. R. Evid. 807. We detect no abuse of discretion in the district court's decision to exclude these exhibits.[3]

Perez-Hernandez also argues—for the first time on appeal—that the district court erred by finding the "incorrect" testimony of four witnesses credible. Aplt. Resp. 5. Because this is a new argument on appeal, we apply plain-error review. *See United States v. Hinson*, 585 F.3d 1328, 1333 (10th Cir. 2009). Under this standard, even assuming that some error occurred and that the error was plain, it is apparent that any credence the district court gave the testimony at issue did not affect Perez-Hernandez's substantial rights and did not "seriously affect[] the fairness, integrity, or public reputation" of his trial. *Id.* For example, Perez-Hernandez argues that one witness incorrectly testified that the manner in which Perez-Hernandez entered the United States was by climbing a fence. Similarly, he argues that another witness incorrectly testified as to the number of his deportations. Because the nature of this testimony would not have "affected the outcome of th[e] proceeding," Perez-Hernandez cannot carry his burden to show plain error, and reversal is not warranted. *Id.* at 1335.

---

[3] In addition, the district court never ruled on the admissibility of one exhibit at issue because Perez-Hernandez expressly declined to offer the exhibit at trial. To the extent that this nonruling constituted error, we conclude Perez-Hernandez invited it by declining to offer the exhibit below.

Perez-Hernandez next challenges the substantive reasonableness of his sentences, contending that the district court abused its discretion by imposing excessive sentences. Sentences must be procedurally sound and substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Our review does not reveal any procedural errors with either sentence.

Substantive reasonableness depends on "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) (quoting *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007)). We review for an abuse of discretion, "a standard requiring 'substantial deference to district courts.'" *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009) (quoting *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008)).

Perez-Hernandez's sentences fall within the ranges set forth by the advisory United States Sentencing Guidelines (the Guidelines), and we therefore presume they are substantively reasonable. *See Alapizco-Valenzuela*, 546 F.3d at 1215. This presumption can be rebutted by a showing that the sentences are unreasonable in light of the § 3553(a) factors. *See id.* Although Perez-Hernandez believes his sentences are excessive, he fails to point to any facts undermining the district court's rationale. And the record supports the district court's decisions to impose the 63-month and eight-month sentences. For example, the district court explained that this is not Perez-Hernandez's first violation of the law, or even his first reentry, and it relied on

this criminal history to justify the length of the sentences. Accordingly, any challenge to the substantive reasonableness of either sentence would be wholly frivolous.

Perez-Hernandez also contends that he should have been fined rather than sent to prison. But the Guidelines advise imposing sentences of imprisonment for both Perez-Hernandez's illegal-reentry conviction and his supervised-release violation. *See* U.S.S.G. § 5C1.1(f) (instructing that minimum term "shall be satisfied by a sentence of imprisonment"); *id.* § 7B1.3(a)(1), (c)(2) (advising revocation of supervised release and imposition of prison sentence). And Perez-Hernandez fails to demonstrate that the district court abused its discretion in declining to vary from the Guidelines.

Finally, Perez-Hernandez argues that he should have been granted bail rather than sent to prison, but bail is not an alternative to a prison sentence. *Cf., e.g.*, 18 U.S.C. §§ 3141–3143 (explaining availability of bail pending trial, sentencing, and appeal but not discussing bail as alternative to prison).[4]

Because our review of the submissions and examination of the record reveals no nonfrivolous basis for appeal, we dismiss the consolidated appeals and grant the

---

[4] Perez-Hernandez raises several additional arguments relating to his conviction and sentences. We decline to consider these additional arguments as they are either demonstrably untrue or lack legal or factual support.

9

motion to withdraw. *See Calderon*, 428 F.3d at 930.

Entered for the Court

Nancy L. Moritz
Circuit Judge