**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 19, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ZACHARY MATTHEW HANSEN,

    Defendant - Appellant.

No. 24-4119
(D.C. No. 2:19-CR-00053-HCN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

A jury found Defendant Zachary Hansen guilty of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Hansen then moved for a new trial, arguing that the district court admitted an excessive number of pornographic images during trial in violation of Federal Rule of Evidence 403. The district court denied Hansen's motion and sentenced him to 96

_____
   * After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Federal Rule of Appellate Procedure 34(f); Tenth Circuit Rule 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

months' imprisonment followed by lifetime supervised release. Hansen timely appealed. On appeal, Hansen was appointed counsel. Now before us is appointed counsel's *Anders* brief and motion to withdraw. Hansen has not responded.

Under *Anders v. California*, 386 U.S. 738, 744 (1967), appointed defense counsel may move to withdraw from representation "if counsel finds [the defendant's] case to be wholly frivolous[] after a conscientious examination[.]" Before doing so, appointed counsel must submit "a brief referring to anything in the record that might arguably support the appeal." *Id.* The defendant then has an opportunity to respond. *Id.* At the end of this process, the court decides whether the defendant's appeal is wholly frivolous. *Id.*

Hansen's counsel identifies a single issue that arguably supports appeal: the district court's denial of Hansen's motion for new trial based on an alleged Rule 403 violation.

Rule 403 permits a trial court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. The trial court has "broad discretion" when making Rule 403 decisions. *United States v. Hay*, 95 F.4th 1304, 1319 (10th Cir. 2024) (quoting *United States v. Poole*, 929 F.2d 1476, 1482 (10th Cir. 1991)). Accordingly, we review such decisions under the deferential abuse

of discretion standard and reverse only if a decision was "arbitrary, capricious, whimsical, or manifestly unreasonable[.]" *United States v. Silva*, 889 F.3d 704, 709 (10th Cir. 2018) (citation omitted).

At issue in the Rule 403 analysis are five still images and seven videos that the district court admitted into evidence even though Hansen had stipulated to several elements of the charge against him. The five still images each depicted child pornography. Six of the videos depicted child pornography. The government played ten seconds of each of those videos. The seventh video depicted the entire collection of photographic images on Hansen's phone, approximately 10,500 in total. Of these images, approximately 220 depicted child pornography. The government played this entire video to the jury.

The district court did not abuse its discretion in admitting this evidence. Since Hansen was facing a child pornography charge, the admitted evidence – which depicts child pornography – forms "the gist of the government's [] case against" Hansen. *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008) (quoting *United States v. Campos*, 221 F.3d 1143, 1149 (10th Cir. 2000)). "The government was entitled to prove its case" with that evidence despite Hansen's stipulation to some elements. *Id.* Moreover, Hansen did not stipulate to the element of knowledge. *See* 18 U.S.C. § 2252A(a)(5)(B) (criminalizing "knowing[]" possession). The admitted

3

evidence was therefore relevant to show that Hansen knowingly possessed child pornography. *Schene*, 543 F.3d at 643. Given this relevance, the district court reasonably concluded that any prejudice did not substantially outweigh probative value, especially since the volume of pornographic material presented to the jury was not high.

Having reviewed the entire record, we agree with appointed counsel that Hansen's appeal from his conviction would be frivolous. We therefore grant counsel's motion to withdraw and dismiss the appeal.

Motion of appointed counsel to withdraw is **GRANTED**.

Appeal **DISMISSED**.

Entered for the Court

Richard E.N. Federico
Circuit Judge